IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HIRAM D. MOLINA-SANTOS,**    \*
    Petitioner,    \*
            \*
            \*
    v.    \*
            \*    **CIVIL NO. 09-1708(PG)**
            \*    **RELATED CRIM. 05-263(PG)**
**UNITED STATES OF AMERICA,**    \*    **05-265(DRD)**
    Respondent.    \*
_____    \*

## OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. Respondent filed a Response to the Petition (D.E.4). Petitioner filed a Reply to the Government's Response (D.E. 10)[2]. Respondent filed a Sur-Reply to Petitioner's Reply (D.E. 25). For the reasons discussed below, the Court finds the Petition shall be **DENIED** and the request for evidentiary hearing is also **DENIED.**

## I. BACKGROUND

On August 9, 2005, Petitioner, Hiram D. Molina-Santos (hereinafter "Petitioner" or "Molina-Santos")along with three (3) additional co-defendants were indicted in a five

_____

[1]D.E. is an abbreviation of docket entry number.

[2]The Court notes that this motion along with several subsequent filings were filed by attorney Alexander Zeno on behalf of what had been pro-se Petitioner Molina-Santos. The Court further notes there has never been a notice of appearance filed by attorney Zeno nor a request for permission to appear in this case.

(5) count Indictment by a Federal Grand Jury (Crim. D.E. 2 of Case No. 05-263(DRD))[3].  Petitioner was specifically charged with conspiracy to possess with the intent to distribute kilogram quantities of controlled substances, that is, five (5) kilograms or more of cocaine, a Schedule II, Narcotic Drug Controlled Substance; and fifty (50) grams or more of cocaine base (crack cocaine), a Schedule II, Narcotic Drug Controlled Substance.  All in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A), and 846 (Crim. D.E. 2 in Case No. 05-263(DRD)).

Count Two charged Petitioner with knowingly posses, carry and use a firearm, that is one (1) Kahr .40 caliber semi-automatic pistol during and in relation to, or in furtherance of a drug trafficking crime, that is, a violation of Title 21, United States Code, Section 846 and 841(a)(1), as charged in Count One of the Indictment, involving a conspiracy to possess with the intent to distribute cocaine and cocaine base (crack cocaine), in violation of Title 18, United States Code, Section 924(c)(1)(ii) (Crim. D.E. 2 in Case No. 05-263(DRD)).

Count Three charged Molina-Santos, along with another co defendant, with aiding and abetting each other, did knowingly sell a firearm, that is one (1) loaded Colt Government Model, semi-automatic pistol, serial number

---

[3]Crim.D.E. is an abbreviation of criminal docket entry.

C182291, three (3) magazines and approximately thirteen
(13) rounds of .45 caliber ammunition to another person
knowingly and having reasonable cause to believe that said
person had been convicted of a crime punishable by
imprisonment for a term exceeding one (1) year.  All in
violation of Title 18, United States Code, Section 922(d),
924(a)(2) and 2 (Crim. D.E. 2 in Case No. 05-263(DRD)).

Count Four charged Molina-Santos with knowingly and
intentionally possess with the intent to distribute two
hundred forty nine point nine (249.9) grams (net weight) of
cocaine base (crack cocaine), a Schedule II Narcotic Drug
Controlled Substance.  In violation of Title 21, United
States Code, Section 841(a)(1) (Crim. D.E. 2 in Case No.
05-263(DRD)).

Count Five was a Forfeiture allegation pursuant to
Title 21, United States Code, Section 843 (Crim. D.E. 2 in
Case No. 05-263(DRD)).

On the same day, August 9, 2005, Molina-Santos was the
subject of a second Indictment in Criminal Case 05-265(PG).
Count One charged Molina-Santos along with a co defendant
with conspiracy to possess with the intent to distribute,
and distribute measurable amounts of controlled substances,
that is, one hundred (100) grams or more of heroin, a
Schedule I, Narcotic Drug Controlled Substance and fifty
(50) grams or more of cocaine base (crack cocaine) a
Schedule II, Narcotic Drug Controlled Substance.  In
Violation of Title 21, United States Code, Section

841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and 846 (Crim. D.E. 2 in Case No. 05-265(PG)). Petitioner was not charged in Count Two of this Indictment and Count Three of the Indictment was a Forfeiture Allegation (Crim. D.E. 2 in Case No. 05-265(PG)). In both cases Petitioner was represented by retained counsel Lydia Lizarribar.

After an extensive bail hearing, on August 25, 2005, Molina-Santos was ordered detained without bail pending trial (Crim. D.E. 33 in Case No. 05-263(DRD) and Crim. D.E. 22 in Case 05-265(PG)).

On April 18, 2006, Molina-Santos, appearing pro-se, filed a motion with the Court informing it that attorney Lizarribar no longer represented him and that he was in the proses of retaining new counsel (Crim. D.E. 97 in Case No. 05-263(DRD) and Crim. D.E. 53 in Case No. 05-265(PG)).

Nonetheless, on April 26, 2006, Petitioner, through his counsel Lizarribar filed a motion informing the Court that it had submitted a counter offer to the Government's Plea Agreement proposal for the disposition of both criminal cases ( Crim. D.E. 100 in Case No. 05- 263(DRD) and Crim. D.E. 54 in Case No. 05-265(PG)).

On May 2, 2006, the Court denied Petitioner's request for a withdrawal of counsel as to criminal case 05-265(PG). On June 2, 2006, the Court issued an order in criminal case 05-263(DRD) denying a Motion Requesting Bond, previously filed by Molina-Santos and denying Petitioner's request for withdrawal of counsel.

On June 9, 2006, Petitioner, through his counsel, filed in both of his criminal cases a Motion for De Novo Bail Hearing (Crim. D.E. 116 in Case No. 05-263(DRD) and Crim. D.E. 60 in Case No. 05-265(PG)).  On June 12, 2006, the United States field its Opposition to a De Novo Bail Hearing in both cases (Crim. D.E. 117 in Case No. 05-263(DRD) and Crim. D.E. 61 in Case No. 05-265(PG)).

On June 29, 2006, Molina-Santos, filed a second pro-se motion requesting the withdrawal of his retained counsel, Lizarribar (Crim. D.E. 123 in Case No. 05-263(DRD) and Crim. D.E. 68 in Case No. 05-265(PG)).

On July 5, 2006, counsel Lizarribar filed a motion in both pending criminal cases requesting she be allowed to withdraw as counsel for Petitioner (Crim. D.E. 124 in Case No. 05-263(DRD) and Crim. D.E. 69 in Case No. 05-265(PG)).

However, on July 7, 2006, Petitioner through his counsel Lizarribar, filed, in both cases, a Motion to Suppress and or Motion In limine as to the controlled substance charged in each particular indictment (Crim. D. E. 125 in Case No. 05-263(DRD) and Crim. D.E. 70 in Case No. 05-265(PG)).  In criminal case 05-265(PG) the same was denied on July 10, 2006 (Crim. D.E. 71 in Case No. 05-265(PG)).  As for criminal case 05-263(DRD), the Court ordered the Government to file a response (Crim. D.E. 127 in Case No. 05-263(DRD)).

On July 10, 2006, the Court in case no. 05-265(PG) set a hearing date for August 2, 2006, to entertain the pending

motions to withdraw of counsel Lizarribar (Crim. D.E. 72 in Case No. 05-265(PG))[4].

On July 17, 2006, Molina-Santos filed, pro-se, a Motion for Setting Bond in both criminal cases (Crim. D.E. 130 in Case No. 05-263(DRD) and Crim. D.E. 75 in Case No. 05-265(PG)). On July 19, 2006, Petitioner through his still counsel Lizarribar filed a Supplemental Motion for De Novo Bail Hearing in both criminal cases (Crim. D.E. 131 in Case No. 05-263(DRD) and Crim. D.E. 76 in Case No. 05-265(PG)). On July 28, 2006, the United States filed its Opposition to the De Novo Bail Hearing in both criminal cases (Crim. D.E. 134 in Case No. 05-263(DRD) and Crim. D.E. 76 in Case No. 05-265(PG)). On July 28, 2006, Petitioner filed pro-se, an Informative Motion in both criminal cases informing of his health condition as an additional reason for the court to consider and grant bail (Crim. D.E. 135 in Case No. 05-263(DRD) and Crim. D.E. 79 in Case No. 05-265(PG)).

On August 11, 2006, the Court in Case No. 05-263(DRD) denied Molina-Santos' pending Motion to Suppress (Crim. D.E. 139 in Case No. 05-263(DRD)).

On August 18, 2006, the Court in Case No. 05-265(PG) held a hearing as to the requested withdrawal of counsel. Molina-Santos was present in Court. Molina-Santos at that time informed the Court that he had reconsidered his prior

---

[4]Said hearing was later re-set for August 18, 2006 (Crim.D.E. 78 in Case No. 05-265(PG)).

request and had decided that attorney Lizarribar should continue with his legal representation in both pending criminal cases (Crim. D.E. 81 in Case No. 05-265(PG)).

On August 21, 2006, Molina-Santos filed pro-se, a Motion Requesting Conjugal visits (Crim. D.E. 144 in Case No. 05-263(DRD))[5]. On August 29, 2006, Petitioner filed pro-se, a Motion Requesting Order as to Conditions of Confinement (Crim. D.E. 147 in Case No. 05-263(DRD) and Crim. D.E. 83 in Case No. 05-265(PG)). On August 31, 2006, Molina-Santos filed pro-se, a Motion to Suppress Evidence (Crim. D. E. 148 in Case No. 05-263(DRD) and Crim. D.E. 84 in Case No. 05-265(PG)). On September 5, 2006, the Government filed a Motion to Strike Petitioner's pro-se filing of a motion to suppress (Crim.D.E. 149 in Case No. 05-263(DRD) and Crim. D.E. 85 in Case No. 05-265(PG)).

On September 15, 2006, the Court granted the Motion to Strike filed by the Government as to Petitioner's pro-se filing of a motion to suppress in case no. 05-265(PG) (Crim. D.E. 88 in Case No. 05-265(PG)).

On September 15, 2006, in case no. 05-265(PG) the Court held a status conference. At that time the Government moved to strike all of Petitioner's pro-se filings because he was represented by counsel. Said request was granted by the Court. In addition the government informed that it had

---

[5]The request for conjugal visit was never filed in Case No. 05-265(PG).

made plea offers to Molina-Santos in both criminal cases
and the same had been rejected.    Petitioner's counsel
informed that there might be another attorney joining the
representation of Molina-Santos since Petitioner had been
talking to other attorneys (Crim. D.E. 92 in Case No. 05-
265(PG)).

On September 18, 2006, Molina-Santos filed pro-se,
another Motion for De Novo Bail Hearing (Crim. D.E. 153 in
Case No. 05-263(DRD) and Crim. D.E. 89 in Case No. 05-
265(PG)).   On September 22, 2006, the Government filed a
Motion to Strike the De Novo request in Case No. 05-265(PG)
(Crim. D.E. 90 in Case No. 05-265(PG)).   On September 22,
2006, in Case No. 05-263(DRD) the Court held a hearing as
to the requested withdrawal of legal representation.
Molina-Santos was present in Court and once again informed
that all issues with attorney Lizarribar had been resolved
and he wished for her to continue representing him (Crim.
D.E. 154 in Case No. 05-263(DRD)).

On October 3, 2006, the Court in case no. 05-263(DRD)
held a De Novo Bail hearing and took the matter under
advisement (Crim. D.E. 160 in Case No. 05-263(DRD)).

On October 16, 2006, Petitioner through his counsel,
filed a Motion for Change of Plea in both pending cases
(Crim. D.E. 161 in Case No. 05-263(DRD) and Crim. D.E. 96
in Case No. 05-265(PG)).   On October 17, 2006, the parties
filed the Plea Agreement entered into by Molina-Santos and
the Government (Crim. D.E. 163 in Case No. 05-263(DRD) and

Crim. D.E. 99 in Case No. 05-265(PG)).  On October 17, 2006, Molina-Santos Change of Plea Hearing for both cases was held before Judge Perez-Gimenez.  Petitioner plead guilty and accepted responsibility for his participation in Count One (1), Two (2) and Five (5) in criminal case 05-263(DRD) and Count One (1) in criminal case 05-265(PG) (Crim. D.E. 162 in Case 05-263(DRD) and Crim. D.E. 106 in Case 05-265(PG)).

On October 19, 2006, the Court in case no. 05-263(DRD) ordered Molina-Santos to inform the Court if he still wished to have a De Novo bail hearing (Crim.D.E. 165 in Case No. 06-263(DRD)).  On October 20, 2006, Petitioner, through his counsel, informed the Court that he still wished for said bail haring to be held (Crim. D.E. 166 in Case No. 05-263(DRD)).  On October 23, 2006, the Government filed its Response in Opposition to the Requested Bail Hearing and Requested and Amended Order (Crim. D.E. 167 in Case No. 05-263(DRD)).  On December 5, 2006, Petitioner filed pro-se, a Motion regarding his bail (Crim. D.E. 170 in Case No. 05-263(DRD) and Crim. D.E. 102 in Case No. 05-265(PG))[6].

On December 18, 2006, the Court ordered stricken from the record Molina-Santos' pro se motion regarding bail (Crim.D.E. 170) (Crim. D.E. 172 in Case No. 05-263(DRD)).

---

[6]The Court notes that as of December 5, 2006, there was no De Novo bail request pending before the Court in Criminal Case 05-265(PG).

On December 19, 2006, the Court entered its Order denying the de novo bond request (Crim. D.E. 174 in Case No. 05-263(DRD)).

On January 12, 2007, a Pre-sentence Investigation Report was submitted as to Molina-Santos in both cases (Crim.D.E. 176 in Case No. 05-263(DRD) and Crim. D.E. 104 in Case No. 05-265(PG)).

On January 19, 2007, the sentencing hearing for Molina-Santos as to both cases was held before Judge Perez-Gimenez. In Petitioner's allocution he insisted he was entrapped, framed and innocent. Hence, the Court revoked the pleas entered in both cases 05-263(DRD) and 05-265(PG). Case was set for trial to commence April 17, 2007, (Crim. D.E. 106 in Case No. 05-265(PG)).

On January 23, 2007, the Court issued an Order re-scheduling Petitioner's Sentencing Haring for March 9, 2007, (Crim. D.E. 108 in Case No. 05-265(PG))[7]. Sentencing was held on April 27, 2007, (Crim. D.E. 192 in Case No. 05-263(DRD) and Crim. D.E. 115 in Case No. 05-265(PG)). Molina-Santos was sentenced to a term of imprisonment of sixty (60) months as to Counts I of criminal case 05-263(DRD) and 05-265(PG) to be served concurrently with each

---

[7]The Court notes that the Sentencing Hearing was re-scheduled on three (3) separate occasions (Crim. D.E. 110, 111, and 112 in Case No. 05-265(PG)). During this period of time Petitioner made no pro-se filings claiming innocence, or attorney withdrawal or expressing any form of dissatisfaction with his criminal proceedings or his retained counsel.

other.   Petitioner was further sentenced to a consecutive term of Sixty (60) months as to Count Two of the Indictment in criminal case 05-263(PG) for a total of one hundred and twenty (120) months of imprisonment.  A term of supervised release of four (4) years as to Count One in each criminal case 05-263(DRD) and criminal case 05-265(PG) was also imposed.  Said terms to be served concurrently with each other.  An additional term of supervised release of five (5) years as to Count Two of the Indictment in Criminal Case 05-263(DRD) was also imposed.  Molina-Santos was ordered to pay a Special Monetary Assessment of three hundred dollars ($300.00) (Crim. D.E. 192 in Case No. 05-263(DRD) and Crim. D.E. 115 in Case No. 05-265(PG)). Judgment against Molina-Santos was entered on May 1, 2007, (Crim. D.E. 193 in Case No. 05-263(DRD) and Crim. D.E. 116 in Case No. 05-265(PG)).

On May 4 and May 9, 2007, Molina-Santos filed two (2) separate Notices of Appeal (Crim. D.E. 194 & 195 in Case No. 05-263(DRD) and Crim. D.E. 117 & 118 in Case No. 05-265(PG)).  On August 7, 2007, the First Circuit Court of Appeals issued its Mandate dismissing one of the appeals as duplicious and proceeded with the appeal process (Crim. D.E. 200 in Case No. 05-263(DRD) and Crim. D.E. 123 in Case No. 05-265(PG)).

On August 13, 2007, Molina-Santos filed pro-se, yet another motion requesting conjugal visit, the same was denied by the Court on August 29, 2007, (Crim. D.E. 124 &

125 in Case No. 05-265(PG)).

On March 19, 2008, while the appeal process was pending Molina-Santos filed a pro-se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses Pursuant to Title 18, United States Code, Section 3582 (Crim. D.E. 204 in Case No. 05-263(DRD) and Crim. D.E. 132 in Case No. 05-265(PG)).

On June 3, 2008, the Court in Case No. 05-263(DRD) denied the Motion to Reduce Sentence Pursuant to Tile 18, United States Code, Section 3582 (Crim. D.E. 212 in Case No. 05-263(DRD)). However on June 10, 2008, the Court in Case No. 05-265(PG) granted the Motion to Reduce Sentence Pursuant to Tile 18, United States Code, Section 3582 as to Count One (1)(Crim. D.E. 136 in Case No. 05-265(PG))[8].

On November 6, 2008, The First Circuit Court of Appeals issued its Mandate affirming Petitioner's conviction and sentence (Crim. D.E. 220 in Case No. 05-263(DRD) and Crim. D.E. 137 in Case No. 05-265(PG))[9]. No certiorari was filed. Therefore, the Judgment became final on February 4, 2009.

---

[8]As per the Court's order Molina-Santos' previous offense level was reduced from a level twenty five (25) to a level twenty three (23). The new guideline level of twenty three (23) provided a guideline imprisonment range which contemplated a term of imprisonment of sixty (60) months as previously imposed by the Court. The Court imposed, as part of the reduction in sentence, a new term of imprisonment of sixty (60) months, therefore, Petitioner's net term of imprisonment did not vary from his original sentence (Crim. D.E. 136 in Case No. 05-265(PG)).

[9]United States v. Molina-Santos, Appeal Nos. 07-1864; 07-1866 (1st Cir. November 6, 2008).

On July 24, 2009, Molina-Santos file a timely Motion to Vacate Sentence Pursuant to Title 28, United States Code, Section 2255 (Crim. D.E. 221 in Case No. 05-263(DRD)).

On October 19, 2011, Molina-Santos filed a pro-se Motion for Reconsideration as to the Court's previous determination of his Motion for Reduction of Sentence Pursuant to Title 18, United States Code, Section 3582 in Case No. 05-265(PG). On November 2, 2011, Petitioner filed a second Motion to Reduce Sentence Pursuant to Title 18, United States Code, Section 3582 (Crim. D.E. 222 in Case No. 05-263(DRD) and Crim. D.E. 147 in Case No. 05-265(PG)). On November 15, 2011, the Court entered an Order granting Molina-Santos' reconsideration and reduced Petitioner's sentence from the original sixty (60) months as to Count One (1) to a term of imprisonment of forty six (46) months pursuant to Tile 18, United States Code, Section 3582 (Crim. D.E. 148 in Case No. 05-265(PG)).

On February 22, 2012, the Court in case no. 05-263(DRD) issued an Order referring Molina-Santos' Motion for Reduction of Sentence to the prior order issued by the Court in case no. 05-265(PG) criminal docket number 148 (Crim. D.E. 223 in Case No. 05-263(DRD)).

## II. DISCUSSION

In his 2255 Petition and Memorandum in Support of, Molina-Santos raises the following allegations:

(1) Ineffective Assistance of Counsel - Petitioner claims he only plead guilty due to pressure and threats

from his counsel.   His plea agreement and subsequent
acceptance of guilty was done without his authorization;
his counsel was ineffective in not filing adequate motions
to suppress, nor in providing a zealous defense;

    (2) Petitioner never possessed the weapon with which he
was charged and plead guilty to;

    (3) Petitioner never participated in a conspiracy to
possess with intent to distribute narcotics because he was
in fact entrapped.

    Not only does the record contradict Petitioner's claim
but the First Circuit Court already specifically addressed
at least two of the three issues now raised by Molina-
Santos and he is therefore barred from raising them in his
section 2255 motion.

**Previously settled claims**

    Issues two and three; that is Petitioner's allegation
that he did not possess the weapon for which he was
convicted and sentenced and the allegation of entrapment,
were already raised on appeal, analyzed and decided by the
First Circuit Court.

            To the extent that the appellant, Hiram D. Molina-
            Santos ("Molina"), claims he is not guilty of the
            charges in Indictment No. 05-263 because he only
            dealt with the confidential informant (CI), his
            argument is belied by the record.   During his
            change of plea haring, Molina admitted that the
            government had recorded conversations between "the

conspirators and the confidential source that reflected the defendant's participation in the conspiracy." Furthermore, Molina undercuts his own argument by alleging that, in transferring the drugs to the CI, "he was merely doing both, the CI and a friend, a favor for which he received no profit." His admission the he transferred the drugs as "a favor" to someone other than the CI constitutes an admission that he conspired with someone other than the CI. His argument that there was no factual basis for the guilty plea on this drug charge fails see: United States v. Molina-Santos, App. Nos. 07-1864,07-1866 at page 1 (1st Cir. Nov. 6, 2008).

Molina also argues that his participation was the result of entrapment....Molina alleges that he became involved in the drug transaction charged in Indictment No. 05-263 only because the CI insisted that the transaction take place at Molina's house. This claim falls far short of alleging that the government exercised excessive pressure on Molina or that Molina was not predisposed to engage in a drug transaction see: United States v. Molina-Santos, App. Nos. 07-1864,07-1866 at pages 1-2 (1st Cir. Nov. 6, 2008).

As for the drug charges in Indictment No. 05-265,
Molina points to an affidavit from his co-
defendant, Pedro Tosado-Morales ("Tosado"), which
Molina filed approximately two months after
entering his guilty plea[10].  The affidavit is in
Spanish and has not been translated.  For this
reason alone, this court could disregard the
affidavit entirely. .. Even if we were to rely on
counsel's summary of the document, however, it
fails to establish grounds for setting aside the
plea.  The court is not obligated to invalidate a
guilty plea where a defendant presents a "self-
serving, unsupported claim of innocence raised
judicially for the first time after the Rule 11
hearing." United States v. Isom, 85 F.3d 831, 837
(1st Cir. 1996)...The court did not commit plain
error in failing to invalidate the guilty plea on
the basis of Tosado's affidavit filed two months
after Molina's guilty plea see: United States v.
Molina-Santos, App. Nos. 07-1864,07-1866 at page
2 (1st Cir. Nov. 6, 2008).

Finally, Molina admits that he possessed a gun
during the drug transaction charged in Indictment

---

[10]The Court notes that this same affidavit and its translation
is used as an exhibit to this Section 2255 Petition (Crim. D.E.
148, Exhibit 3 in Case No. 05-263(DRD)).

No. 05-263, but he claims he is not guilty of violating 18 U.S.C. Sec. 924©.  To the extent he is arguing that he cannot be guilty of possessing a gun during a drug transaction if he is not guilty of the underlying drug charge, the argument fails where his guilty pleas to the drug charges stand.   To the extent he is arguing that he did not carry the gun "in relation to" the drug sale, see 18 U.S.C. Sec. 924(c)(1)(A), his argument fails, as there was a factual basis for the charge that the gun was carried "in relation to" the drug transaction... Molina admittedly carried the gun on his person during the May drug transaction, and by its mere presence, the gun "had the potential of facilitating" the transaction... Even if, as he alleges, Molina had no intent to use the gun, its presence alone had the potential to ensure the transaction was completed without incident See: United States v. Molina-Santos, App. Nos. 07-1864,07-1866 at pages 2-3 (1st Cir. Nov. 6, 2008).

Molina also argues that the gun he possessed was not the particular type of gun named in the indictment, but as the district court noted, the particular type of weapon involved is not an element of the offense See: United States v. Molina-Santos, App. Nos. 07-1864,07-1866 at page

3 (1st Cir. Nov. 6, 2008).

A detailed reading of the First Circuit Court's Judgment in United States v. Molina, parts of which are previously transcribed, leaves no doubt that these same allegations raised by Petitioner in his 2255 filing were already dealt with at the appellate level.  There is no room for re-arguing the same issues.

Claims which have been previously settled in direct appeal, cannot be revisited through a collateral proceeding Withrow v. Williams, 507 U.S. 680 (1983).  Furthermore, the First Circuit Court has clearly established that a section 2255 petition cannot be used to litigate matters that were decided on appeal, Argencourt v. United States, 78 F. 3d 14 (1st Cir. 1996); Singleton v. United States, 26 F.3d 233 (1st Cir. 1993).  Petitioner is trying to circumvent the system by re-litigating two issues that the First Circuit already resolved; by raising them as part of an ineffective assistance of counsel allegation. The same shall not be permitted.

Simply put Molina-Santos must accept the fact that he was correctly and legally convicted and sentenced there is no room for "buyers remorse".

**Ineffective Assistance of Counsel Standard**

The standard for an ineffective assistance of counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result

Strickland v. Washington, 466 U.S. 668 (1984); Lema v. United States, 987 F.2d 48 (1st Cir. 1993). In order to succeed in a claim of ineffective assistance of counsel Molina-Santos must show both incompetence and prejudice: (1) Petitioner must show that counsel's representation fell below an objective standard of reasonableness, and (2) Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Argencourt v. United States, 78 F.3d 14 (1st Cir. 1996), Darden v. Wainwright, 477 U.S. 168 (1986), Lockhart v. Fretwell, 506 U.S. 364 (1993). Petitioner fails to meet this standard and the record so reflects it.

Petitioner alleges that he was forced to plead guilty by his counsel. In order to sustain this allegation, he points to the fact that at his sentencing hearing the Court (in case no. 05-265(PG)) withdrew his guilty plea and did not proceed with sentence because at that time Molina-Santos claimed he was innocent of the weapons charge.

Molina-Santos alleges that he was threatened by attorney Lizarribar into pleading guilty or he would face a higher sentence and that these threats were made to him and to his sister[11]. As part of this argument Petitioner

---

[11]As evidence of this allegation Petitioner submits a self serving Sworn Statement issued by his sister Yolanda Molina-Santos (Crim. D.E. 148, Exhibit 3 in Case No. 05-265(PG)). This document had been previously submitted for the Court's review as part of pro-se filing of a motion to suppress submitted on August 31, 2006,

also states that his attorney did not properly argue for the exclusion of evidence nor did she zealously defend him. Once again the record in both of Petitioner's criminal cases, 05-263(DRD) and 05-265(PG) contradict him.  In fact what the record reflects is a defendant that does not wish to be in jail at all, that proceeds with multiple pro-se filings although represented by retained counsel and one could venture to say that has child like tantrums (reflected in his filings) when he does not get his way.

In order to have the complete picture of Molina-Santos and his proliferus criminal cases before this Court, it has as part of this Opinion & Order, meticulously brought forth the docket entries of both criminal cases in which Petitioner was charged, plead guilty to, sentenced and conviction affirmed.  The docket entries provide a map of the arduous road traveled by attorney Lizarribar in her representation of what can only be described as a difficult client.

On multiple occasions Petitioner request that he be allowed to change retained counsel yet withdrew these request.  It is as a result of one of these request that attorney Lizarribar files a motion with the Court that leave no doubt as to the heart of the matter.

---

(Crim. D.E. 148 in Case No. 05-263(DRD) and Crim. D.E. 84 in Case No. 05-265(PG).  Therefore it is not new to this Court.

On September 5, 2006, counsel Lizarribar filed a motion in Case No. 05-263(DRD)(Crim.D.E. 124) which paints the picture of what exactly is Molina-Santos' displeasure.  The motion is titled "Motion in Reference to Defendant's Motion For Counsel To Withdraw".

> It is somewhat surprising that defendant is alleging ineffective assistance of counsel when as a matter of fact the undersigned counsel visited him at MDC yesterday, the status of both cases were discussed, legal strategy was planned and as a matter of fact his sister Yolanda Molina[12] called our office today to meet with counsel on Friday in preparation of certain motions to be filed. Defendant never mentioned during the visit any situation or problem (Crim. D.E. 124 in Case No. 05-263(DRD) paragraph 2).

> However, this defendant is not satisfied with the plea offers extended by the government and has demanded a plea agreement of five years or less as to both cases which are pending indicating he does not want to stand trial.  Numerous conversations have been held with AUSA Warren Vazquez in this regard.   Seeking a better plea offer this

---

[12]The Court notes that this is the same Yolanda Molina, Petitioner's sister, who filed a sworn statement in support of Petitioner's allegation previously referred to by this Court.

defendant has conferred with several counsel about
his case.   A few weeks ago he indicated he met
with an attorney and that this attorney promised
him that he could get a plea agreement of 5 years
for both cases which are pending before this
Court.   At that time we indicated to defendant
that if an attorney could promise him 5 years that
he should proceed with that attorney as the best
plea agreement we have been able to discuss with
AUSA Warren Vazquez is a term of 10 years for both
cases, concurrent.   In fact, we met with this
attorney at the courthouse and indicated to him
that if he could get Mr. Molina a 5 year plea he
should represent the client.   This attorney never
advised this counsel that he was giving legal
advise to Mr. Molina.   Subsequently, the attorney
called our office to indicate he would not
represent Mr. Molina (Crim. D.E. 124 in Case No.
05-263(DRD) paragraph 3)[13].

Counsel further explained how in an effort to
secure a lower sentence for Petitioner he was made
available for a debriefing as a prelude to a possible
cooperation.   Ultimately the Government determined it had
no use for Molina-Santos but continued to provide a plea

---

[13]Counsel goes on to inform the Court that yet another attorney
also informed her that Mr. Molina had contacted him requesting
legal advise.

offer of ten (10) consecutive years for both cases. "Upon informing Mr. Molina of this situation he became extremely angry, he understands that he has a right to a 5K motion to reduce any sentence and that if the cooperation agreement was not finalized its due to the inefficiency of counsel... He is continually voicing anger at the fact that he is in jail when he understands that he should be out on bail ..."(Crim. D.E. 124 in Case No. 05-263(DRD) paragraph 5).

Finally counsel informed the Court that Molina-Santos is upset because she could not produce a plea agreement of five (5) years or at least one that is below the statutory minimum of ten (10) years. She further advised the Court that it is Petitioner's practice to consult with paralegals in jail as to his case and what should be done; and he continuously does not follow her advise nor proceed as they had discuss. This sound like a patient who refuses to accept a doctor's diagnosis and continues to visit different doctors until he finally hears what he wishes to hear.

The record reflects that Molina-Santos raised all these complaints of dissatisfaction and laced them with threats of disbarment toward attorney Lizarribar. In a hearing on this matter held before the Court in Case No. 05-263 (DRD), the Court clearly informed Petitioner that he could not continue with the practice of requesting withdrawal of counsel and threatening ethical complaints because he did not like a plea offer.

> THE COURT: Well, representation of counsel is not
> like a matter of a piece of clothing that you can
> put on and off.  It is a serious matter, so those
> are serious allegations that you must think prior
> to filing.  I want you to understand that in this,
> you see these four corners here, the Colegio de
> Abogados has no jurisdiction.  And as much as I
> may admire the Supreme Court, the Supreme Court
> has no jurisdiction here either.  So you may prove
> your case to the Court, and you cannot create the
> case by stating to the Court that you have an
> intention of filing a case.  You have to prove
> your case here (Transcript of Motion Hearing,
> September 22, 2006, at pag.3 in Case No. 05-
> 263(DRD)).

The Court can go on to meticulously cite additional instances in the record in which Petitioner alleged the so called ineffective assistance of counsel because, simply put, he refuse to accept the sentence imposed by the Court for the crime he committed.  However, to continue in this task is unnecessary, no need to paint the lily.  The record is clear and precise that attorney Lizarribar did everything in her power to provide this Petitioner with a zealous defense.  Task which, judging from the record, was clearly not for the faint of heart.

If Molina-Santos is dissatisfied with his prison sentence he should have chosen a different route in life.

If you can't stand the heat stay out of the kitchen. Enough said.

There is no evidence of counsel exercising coercion or threats toward Petitioner or his family, other than self serving affidavits, nor is there a scintilla of an indication of ineffective assistance of counsel. In fact out of the abundance of pro-se motions filed by Petitioner the Court finds none challenging his plea of guilty prior to sentence despite the fact that his sentencing date was postponed on several occasion. In addition on the date of sentencing the record is void of any allegation or even inference by Molina-Santos that he does not believe he is guilt or that he is dissatisfied with his counsel. Molina-Santos is dissatisfied with the reality of a prison sentence. That dissatisfaction does not amount to ineffective assistance of counsel.

The record indicates that even after all the ups and downs and constant tantrums of Petitioner his counsel was able to secure what can only be described as a "good deal" one which was honored by this Court. As such Petitioner's first allegation fails, Molina-Santos has not been able to meet the threshold requirements necessary for a claim of ineffective assistance of counsel to prosper.

**Evidentiary hearing**

Petitioner is under the impression that he is entitled to an evidentiary hearing. The fact is that in this case Molina-Santos has failed to raise any cognizable issue

under section 2255. Petitioner's request for an evidentiary hearing is denied.

Evidentiary hearings in section 2255 cases are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. <u>Moreno-Morales</u> v. <u>United Sates</u>, 334 F.3d 140 (1st Cir. 2003). An evidentiary hearing "is not necessary when a section 2255 petition is inadequate on its face, or although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." <u>United States </u>v. <u>DiCarlo</u>, 575 F.2d 952, 954 (1st Cir. 1978).

Such is the case of Molina-Santos' section 2255 petition it is simply unsupported by the facts and evidence on the record in this case.

**III. CONCLUSION**

For the reasons stated, the Court concludes that Petitioner **HIRAM D. MOLINA-SANTOS**, is not entitled to federal habeas relief on the claims. Accordingly, it is ordered that petitioner **HIRAM D. MOLINA-SANTOS'** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.** Petitioner's request for evidentiary hearing is also **DENIED.**

**IV. CERTIFICATE OF APPEALABILTY**

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28

U.S.C. Section 2255.   It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th of April 2013.

**JUAN M. PEREZ-GIMENEZ**

**UNITED STATES DISTRICT JUDGE**